Joshua **KONOPASEK**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 25A03–1003–CR–155.**

Court of Appeals of Indiana.

Sept. 30, 2010.

---

T. Andrew Perkins, Peterson & Waggoner, LLP, Rochester, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Wade James Hornbacher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

1. Ind.Code § 35–42–2–1.

## OPINION

MAY, Judge.

Joshua Konopasek was convicted after a bench trial of battery causing serious bodily injury, a Class C felony.[1] He argues on appeal the evidence was insufficient to sustain his conviction or to disprove self-defense, and the trial court should not have admitted testimony about his suspended sentence for a prior offense. While evidence about Konopasek's criminal record should not have been admitted, any error was harmless, and the State's evidence was sufficient to prove battery and disprove Konopasek's claim of self-defense. Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

Konopasek and Mitchell Green fought after Green took Konopasek's sunglasses. As Green was leaving with the sunglasses, Konopasek pushed him from behind and Green fell to the ground. Konopasek stomped on Green's head with his boot, breaking Green's jaw. Konopasek was tried and convicted before the bench on a charge of battery causing serious bodily injury.

## DISCUSSION AND DECISION

1. *Sufficiency of Evidence*

In reviewing a challenge to the sufficiency of evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Willis v. State*, 888 N.E.2d 177, 183 (Ind.2008). If there is sufficient evidence of probative value to support the conclusion of the trier of fact, the verdict will not be disturbed. *Id.*

■ There was ample evidence to support the conviction. Green testified Konopasek pushed him down, then stomped on his head as he lay on the ground. Green's jaw was broken. He was found bleeding and unconscious. Green testified he was "absolutely sure" Konopasek caused his injuries. (Tr. at 102.) A victim's testimony, even if uncorroborated, is ordinarily sufficient to sustain a conviction. *Bowles v. State*, 737 N.E.2d 1150, 1152 (Ind.2000). We acknowledge Konopasek's assertion Green's testimony is "unsubstantial and contradictory," (Appellant's Br. at 13), but must decline his invitation to judge the credibility of that witness.

## 2. *Self–Defense*

■ Konopasek raised the issue of self-defense, claiming Green pushed him first and caused him to fall backwards down a flight of steps. When he regained his balance, Konopasek said, he pushed Green to defend himself.

■ Self-defense is a valid justification for an otherwise criminal act. *Miller v. State*, 720 N.E.2d 696, 699 (Ind.1999). A defendant must establish that he was in a place where he had the right to be, acted without fault, and was in reasonable fear or apprehension of death or great bodily harm. *Id.* at 700. Once a defendant claims self-defense, the State bears the burden of disproving at least one of these elements beyond a reasonable doubt. *Id.* It may meet its burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by relying on the sufficiency of its evidence in chief. *Id.* Whether the State has met its burden is a question for the trier of fact. *Id.*

■ When a defendant challenges the sufficiency of the evidence to rebut his claim of self-defense, the standard of review remains the same as for any sufficiency of evidence claim. *Id.* at 699. We neither reweigh the evidence nor assess the credibility of witnesses but look solely to the evidence most favorable to the judgment with all reasonable inferences to be drawn therefrom. *Id.* We will affirm a conviction where such evidence and reasonable inferences are substantial evidence of probative value sufficient to support the judgment. *Id.*

■ A claim of self-defense requires that the defendant did not provoke, instigate, or participate willingly in the violence. *Brooks v. State*, 683 N.E.2d 574, 577 (Ind.1997). The evidence most favorable to the judgment is that Konopasek, believing his sunglasses had been stolen, pushed Green then stomped on his head while Green was on the ground. We acknowledge Konopasek's assertion "the State's own witnesses portray Green as an individual fully capable of instigating conflict with others," (Appellant's Br. at 19), but decline his invitation to reweigh the evidence.

## 3. *Testimony about Konopasek's Criminal Record*

■ On direct examination Konopasek testified he was on probation, but he objected when he was asked on cross-examination about the length of his suspended sentence, whether he was "on probation for a meth case," whether he had "quite a bit of time hanging over [his] head," and whether he was "pending a review of probation with those five years potentially being unsuspended as a result of this charge." (Tr. at 194–95.) The State argues Konopasek's acknowledgement he was on probation opened the door to its questions about the nature of his prior conviction and length of his suspended sentence. It did not. .

In *Gilliam v. State*, 270 Ind. 71, 77–78, 383 N.E.2d 297, 301 (1978), our Indiana Supreme Court said:

> While an uncritical acceptance of the wording employed in cases under this rule would support the State's position, we believe that there is a further, often unstated requirement implicit in those cases: the evidence relied upon to "open the door" must leave the trier of fact with a false or misleading impression of the facts related. In most of these cases the accused or a defense witness has made a deceptively incomplete disclosure of his criminal record[.]

█ The statement on which the State relies as "opening the door," Konopasek's acknowledgement he was on probation, left no such "false or misleading impression of the facts related," nor was it "a deceptively incomplete disclosure of his criminal record." *Id.* When a witness does nothing more than acknowledge the fact of a prior criminal conviction, the door is not necessarily opened to cross-examination regarding the details of the conviction. *Moffitt v. State*, 817 N.E.2d 239, 253 (Ind.Ct.App. 2004), *trans. denied.* We accordingly decline the State's invitation to hold a defendant's acknowledgement he is on probation, without more, "opens the door" to extensive and potentially-damaging character evidence about the nature of his prior offenses or the length of his prior sentences.

 Konopasek did not open the door to questioning about his criminal rec-

ord or the length of his suspended sentence, and the evidence the State elicited has no apparent relevance to whether Konopasek battered Green. It should not have been admitted. However, any error in the admission of the evidence was harmless. Harmless error is error that does not affect the substantial rights of a party given the error's likely impact on the trier of fact in light of other evidence presented at trial. *See Camm v. State*, 908 N.E.2d 215, 225 (Ind.2009) (explaining harmless error when trier of fact is a jury), *reh'g denied; Berry v. State*, 725 N.E.2d 939, 943 (Ind.Ct.App.2000) (error in bench trial is not harmless if it prejudices defendant's substantial rights). Konopasek's was a bench trial, and we presume in such proceedings a court renders its decisions solely on the basis of relevant and probative evidence. *Saylor v. State*, 765 N.E.2d 535, 558 (Ind.2002), *rev'd on reh'g on other grounds* 808 N.E.2d 646 (Ind.2004). Unless the defendant presents evidence to the contrary, we presume no prejudice. *Birdsong v. State*, 685 N.E.2d 42, 47 (Ind.1997).

Konopasek has not overcome that presumption. He directs us to *Shanks v. State*, 640 N.E.2d 734, 736 (Ind.Ct.App. 1994), where we acknowledged the presumption in a bench trial that the judge will disregard inadmissible and irrelevant evidence (the "judicial-temperance" presumption), but determined the presumption did not apply. In that case, a *Lannan*[2] error had occurred because the trial court admitted "depraved sexual instinct" evidence before *Lannan* was decided. We

**2.** In *Lannan v. State*, 600 N.E.2d 1334 (Ind. 1992), our Indiana Supreme Court adopted Federal Rule of Evidence 404(b):

> In adopting Rule 404(b), the court in *Lannan* abrogated the previously authorized depraved sexual instinct exception which allowed the admission of character evidence in the prosecution of certain sex offenses. Rather than admitting evidence of prior bad acts to establish that a sex crime defendant

acted in conformity with a previously exhibited depraved sexual instinct, such evidence can now be admitted only when it is offered for a purpose other than to prove that the defendant acted in conformity with some character trait. *Lannan*, 600 N.E.2d at 1339. The evidence becomes admissible not because it ceases to show the defendant's bad character or criminal propensity, but because it makes the existence of an

found the "judicial-temperance" presumption inapplicable

because the contested evidence was admissible at the time of trial. In most cases employing the presumption, the evidence is inadmissible, but comes in anyway, usually because no objection is posed. Where inadmissible evidence comes in without intervention of the judge, he or she may be presumed to know that the evidence is in-fact inadmissible and should be disregarded. However, there is no reason to presume the judge would disregard evidence that was admissible at the time and, therefore, presumably relevant.

*Id.* at 737 (footnote omitted). "Accordingly, we hold that *where heretofore admissible evidence becomes inadmissible,* the presumption does not apply." *Id.* at 738 (emphasis supplied).

We decline to extend the *Shanks* holding beyond the unique situation before that panel. Nor will we hold, as Konopasek urges, that inadmissible evidence will always necessarily be improperly "relied on" by a judge. *See Saylor,* 765 N.E.2d at 558 (discussing "judicial-temperance" presumption); *Birdsong,* 685 N.E.2d at 47. We accordingly presume the trial court disregarded the evidence the State elicited about Konopasek's prior offense.

As there was ample evidence to support his conviction and Konopasek was not prejudiced by the admission of evidence of his criminal record, we affirm.

Affirmed.

BAILEY, J., and BARNES, J., concur.

element of the crime charged more probable than it would be without such evidence, despite its tendency to show bad character or criminal propensity.

*Sundling v. State,* 679 N.E.2d 988, 995 (Ind. Ct.App.1997), *reh'g denied.*