**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 29 2012, 8:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK OLIVERO**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AARON SHELTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1112-CR-665 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D04-1107-FD-943

**October 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHEPARD, Senior Judge**

Aaron Shelton appeals his drug convictions, arguing that the jury impermissibly heard evidence about his prior bad acts and that the evidence is insufficient to sustain his convictions. Concluding that Shelton has waived the prior bad acts issue and that the evidence is sufficient, we affirm.

FACTS AND PROCEDURAL HISTORY

In July 2011, Officer David Klein of the Fort Wayne Police Department was called to a treatment facility to take a battery report from Terri Soldaat-Heimann. Soldaat-Heimann told Officer Klein that her son Shelton had battered her a few weeks earlier, had a methamphetamine problem, and had ordered her to pick up some pseudoephedrine. She believed he had been making methamphetamine. He already had an active arrest warrant pending from other events.

Shelton was around forty years old and periodically stayed with Soldaat-Heimann at her house. Officers were unable to find him at the house and told Soldaat-Heimann to call 911 if he returned.

Soldaat-Heimann later called 911, and the police arrived and arrested Shelton. Soldaat-Heimann brought out a plastic grocery bag of Shelton's belongings. Among the items, Officer Dale Llewellyn found a mint tin containing forty-two Xanax pills (alprazolam), five Adderall pills (amphetamine), one Ativan pill (lorazepam), and a 0.24 gram chunk of methamphetamine.

The State charged Shelton with possession of meth and two counts of possession of a controlled substance (one for amphetamine and the other for alprazolam and/or lorazepam), all as class D felonies.

Shelton waived his right to counsel about a month before his jury trial and thus represented himself at trial.[1]  The jury found him guilty as charged, and the court imposed concurrent three-year sentences, to be served after his sentence in another case.  He now appeals.

## ISSUES

Shelton raises two issues:

I.      Whether evidence about Shelton's prior bad acts denied him a fair trial.

II.     Whether the evidence is sufficient.

## DISCUSSION AND DECISION

### I. PRIOR BAD ACTS

Indiana Evidence Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."  The purpose of Rule 404(b) is to prevent the jury from making the "forbidden inference," that is, assessing a defendant's guilt on the basis of other misconduct. *Hicks v. State*, 690 N.E.2d 215, 218-19 (Ind. 1997).

Shelton lists thirty-two instances during trial in which he argues the evidence violated Rule 404(b).  It is unclear whether he is claiming prosecutorial misconduct or challenging the trial court's admission of evidence.  What is clear, though, is that he failed to preserve these alleged errors.

---

[1] We note that a defendant who chooses to represent himself at trial may not assert a Sixth Amendment ineffective assistance claim based on that representation.  *See Carter v. State*, 512 N.E.2d 158 (Ind. 1987).

A contemporaneous objection is required to preserve an issue for appellate review. *Bozeman v. State*, 526 N.E.2d 1173 (Ind. 1988). "The overriding purpose of the requirement for a specific and timely objection is to alert the trial court so that it may avoid error or promptly minimize harm from an error that might otherwise require reversal, result in a miscarriage of justice, or waste time and resources." *Camm v. State*, 908 N.E.2d 215, 223 (Ind. 2009).

Shelton failed to object to twenty-one of his thirty-two claims of error and does not raise fundamental error. These claims are therefore waived. *See Godby v. State*, 949 N.E.2d 416, 420 (Ind. Ct. App. 2011) (declining to address allegation of error where defendant did not object at trial and did not claim fundamental error on appeal), *trans. denied*.

As for the eleven instances in which he did object, he did not do so on Rule 404(b) grounds. *See Konopasek v. State*, 946 N.E.2d 23, 27 (Ind. 2011) ("[A] defendant may not argue one ground for an objection to the admission of evidence at trial and then raise new grounds on appeal."). We will describe a few representative examples.

- Shelton challenges the prosecutor's opening statement that Shelton's biological mother called police because he was smoking meth at her house. Shelton's objection was that Soldaat-Heimann was not his biological mother.[2] He did not address the statement that he was smoking meth.

- He challenges Officer Klein's testimony that he was called to take a battery report from Soldaat-Heimann. His objection, which appears to be on

---

[2] According to Soldaat-Heimann, she gave birth to Shelton when she was seventeen, gave him up for adoption two months later, and reconnected with him when he was eighteen.

4

relevancy and not Rule 404(b) grounds, was: "For battery – what's that got to do with possession?" Tr. p. 61. Moreover, the challenged statement did not even mention Shelton, much less an act of Shelton.

- He challenges Soldaat-Heimann's testimony that the SWAT team responded to her 911 call. Soldaat-Heimann stated, "And so I said, you can either stick around or go around the block, I said, but by that time, I guess, SWAT team, somebody, came around, police officer, SWAT team." *Id.* at 79. Shelton's objection was, "Was it SWAT team or was it not SWAT team?" *Id.* This is not a Rule 404(b) objection.[3]

- He challenges Officer Llewellyn's testimony that Shelton had resisted arrest before and that he might be under the influence of something. In his objection, Shelton argued that Officer Llewellyn was speculating and that he had never been "arrested for resisting arrest." *Id.* at 97. The court sustained the objection. Shelton now argues it also should have admonished the jury to disregard the statement, but Shelton neither objected on the Rule 404(b) grounds he now raises, nor asked the court to admonish the jury or strike the statement.

- He challenges Officer Llewellyn's testimony that he saw lithium batteries in Shelton's truck. Shelton's objection was: "I'm not being charged with

---

[3] Combined with this argument, Shelton challenges Soldaat-Heimann's testimony that officers arrived to make sure there was not a methamphetamine lab. However, this testimony came after the court overruled Shelton's SWAT team objection, and he made no other objection.

5

batteries. Am I being charged with batteries? Batteries aren't against the law to have. Move on. It's not no batteries are against the law." *Id.* at 103.

- He challenges Officer Llewellyn's testimony that he also found bottles in Shelton's truck, "which are typically used to make methamphetamine." *Id.* Shelton objected: "Typically? Come on now. That's in his head." *Id.* When asked to clarify his objection, he said, "Speculation. I mean, typically, bottles. It's 92 degrees outside. I have a dog. I carry water." *Id.* at 103-04.

In any event, the foregoing contentions about being denied a fair trial because the jury heard evidence of his prior bad acts must be viewed against the sort of bad acts evidence the defendant himself elicited from Detective Heath on cross:

Q. And you say you used to work in Auburn, huh?
A. Yes, sir.
Q. You and me had run ins up there, right?
A. Yes, we did, sir.
Q. Do you recall?
A. I do.
Q. You do. You do. How'd those go?
A. You'd have to be more specific. I don't know which ones you're referring to.
Q. I'[m] afraid I'd be objected [to] if I say anything more than that. How'd they – I mean, what was – what was the situation?
A. There were several of them.
Q. Several. Several. For instance, that you recall of course? Not the ones you don't recall.
A. Meth lab that you were found to be in possession of.
Q. I was in possession of a meth lab?
A. That's correct.
Q. That's correct. When was this?

\* \* \* \* \*

A. I believe it was in 2003.
Q. Why you not with the Auburn Police Department anymore?

6

.* * * * *

A.  I transferred to Fort Wayne Police Department for – to better my career, for more opportunities.
Q.  To better your career?
A.  That's correct.
Q.  It wasn't for harassing everybody in DeKalb County, like myself? Yay or Nay.
A.  No. No, sir.
Q.  No, sir, huh? What'd you come up with? Just one time with one meth lab?
A.  If you could give me just a second, sir. There's a – several pages here.

* * * * *

A.  Says here, arrest for meth lab violation, possession of cocaine or narcotic drug and possession of paraphernalia.

*Id.* at 142-44. Even if Shelton's claims had been properly preserved for appeal, the fact that he elicited such damning evidence on cross renders any alleged error harmless.

## II. SUFFICIENCY OF THE EVIDENCE

In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or judge the credibility of the witnesses. *Wilson v. State*, 966 N.E.2d 1259 (Ind. Ct. App. 2012), *trans. denied*. We consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom and affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. *Id.*

To convict Shelton, the State had to prove beyond a reasonable doubt that he knowingly or intentionally possessed the drugs without a valid prescription or order of a practitioner acting in the course of his or her professional practice. *See* Ind. Code §§ 35-48-4-6.1(a) (2006) & -7(a) (2011).

7

Shelton challenges only whether he was the owner of the mint tin with the drugs. He acknowledges Soldaat-Heimann's testimony that the items in the bag were his but nonetheless argues that it was the only evidence tying him to the drugs, that she had motive to frame him, and that she had prescriptions for some of the pills found in the mint tin. His sufficiency claim is nothing more than a request to reweigh the evidence. The evidence is sufficient to sustain his convictions.

## CONCLUSION

For the reasons stated, we affirm Shelton's convictions.

ROBB, C.J., and BROWN, J., concur.