**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARWIN WILSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1311-CR-981 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
The Honorable Peggy Hart, Commissioner
Cause No. 49G20-1110-FA-75548

**July 9, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

During appellant-defendant Darwin Wilson's bench trial, a police officer testified that, in light of his experience and law enforcement training, the amount of cocaine that the officers seized from Wilson and the manner in which it was packaged were consistent with dealing rather than mere usage. Wilson did not object, and even though this testimony might have alluded to Wilson's intent, the officer's testimony was not fundamental error.

Wilson further contends that he must be resentenced following his convictions for Dealing in Cocaine,[1] a class A felony, Possession of Marijuana,[2] a class A misdemeanor, and Resisting Law Enforcement,[3] a class A misdemeanor in light of the trial court's comment that it should "give him more" than the advisory sentence. In our view, the trial court was commenting at the sentencing hearing that the various aggravating factors that were found in this case—and not the alleged requirements of the law—commanded a greater sentence than the advisory term. Thus, we affirm the judgment of the trial court.

## FACTS

On October 21, 2011, at approximately 8:00 a.m., Indianapolis Metropolitan Police Department (IMPD) Officer Joseph Beasley, "smelled a strong odor of burnt marijuana emanating" from a vehicle traveling on 10th Street. Tr. p. 25-26. After following the vehicle for nearly a mile, Officer Beasley and two other officers stopped the vehicle. There were three occupants in the vehicle, including Wilson, who was riding in the front seat.

---

[1] Ind. Code § 35-48-4-1.

[2] I.C. § 35-48-4-11.

[3] Ind. Code § 35-44-3-3.

At some point, Officer Beasley noticed a gun on the floor of the backseat. All of the occupants of the vehicle were arrested because no one admitted to possessing the firearm. While the officers were conducting a search incident to arrest, Wilson became "fidgety" and pulled away from the officers. Tr. p. 30, 56, 65, 97. The suspects were then searched, and one of the officers felt a lump on Wilson's clothing. The officer noticed that a pocket had been sewn into the side of Wilson's boxer shorts.

The police officers cut the pocket open and recovered nearly twenty-five grams of cocaine. The drugs were packaged in three containers: 1) a bag with 20.1392 grams of a chunky substance; 2) a bag containing eleven "knotted plastic bags" of "chunky matter"; and 3) a baggie with 3.55 grams of powder. Exs. 1-2. Also, a baggie of marijuana and $985 in cash fell out of Wilson's pants.

The State charged Wilson with dealing and possession of cocaine, possession of marijuana, and resisting law enforcement. Wilson waived his right to a jury trial and, at a bench trial, the State presented the testimony of IMPD Officer Steven Brinker regarding his knowledge and experience of cocaine transactions.

Officer Brinker testified that he has participated in over a thousand drug investigations, including "[p]robably 250," where he conducted undercover purchases in Marion County. Tr. p. 133. Officer Brinker has received significant training in narcotics investigations, including week-long classes at a narcotics detective school, training by the state police and National Guard, and some "one-day" seminars. Id. at 133.

In light of his experience and training, Officer Brinker testified that crack cocaine is typically "ingested through a pipe using a heat source" and is usually sold and consumed as a "20 rock" that weighs .2 grams. Id. at 134-36. Officer Brinker reviewed State's Exhibit One in this case and observed several small "bindles" consistent with .2 gram packages that are "typically the way that cocaine is packaged for sale." Id. Officer Brinker also testified that the total amount of recovered cocaine was "almost an ounce" that would sell for $1200 to $1400. Id. at 137-38. According to Officer Brinker, the amount of cocaine recovered was consistent with "[s]omeone dealing." Id. at 139-40. Wilson did not object to Officer Brinker's testimony.

Following the presentation of the evidence, Wilson was found guilty as charged and the trial court sentenced him as follows:

> **THE COURT:** I really don't find any mitigating circumstances[.] I only find aggravating circumstances and they are as follows: That you have a history of delinquent and criminal behavior. You were on parole at the time of the offense, and you actually were a fugitive for a while on this case. I find those are all aggravating factors, sir. You understand that I obviously have to give you more than an advisory sentence, so I have to give you more than thirty. And in looking at the circumstances, and you understand that if you do get violated on . . . parole, any sanction imposed by that is going to run consecutive to this case. Do you understand that?
>
> **DEFT. WILSON:** Uh-huh.
>
> **THE COURT:** So knowing that and now you know that, I am going to impose Count 1 dealing in cocaine as a Class A Felony, I hereby impose thirty-five, thirty-five years executed all to be served in the Department of Correction. Give him credit for 486 plus 486; Count 3 possession of marijuana, Class A misdemeanor one year, one year executed; Count 4 resisting law enforcement, Class A misdemeanor one year, one year executed. Count 2 and 4—or strike that. 3 and 4, 3 and 4 will

4

run concurrent to 1, and 2 merges into 1. So there was no [judgment of conviction] entered on that. Indigent to fines, fees and costs.

Tr. p. 281-82 (emphasis added). Wilson now appeals.

## DISCUSSION AND DECISION

### I. Officer Brinker's Testimony

Wilson first claims that fundamental error occurred when the trial court permitted Officer Brinker to testify and allegedly offer his opinion that Wilson intended to deal in cocaine. More particularly, Wilson claims that Officer Brinker's testimony "invaded the province of the fact-finder and deprived Mr. Wilson of a fair trial." Appellant's Br. p. 4.

We initially observe that the decision to admit or exclude evidence is squarely within the trial court's discretion, and we afford that decision great deference on appeal. VanPatten v. State, 986 N.E.2d 255, 260 (Ind. 2013). However, as Wilson concedes, he did not object to Officer Brinker's testimony at trial. Appellant's Br. p. 5. Thus, Wilson has waived his claim. Clark v. State, 915 N.E.2d 126, 131 (Ind. 2009).

To avoid waiver, the defendant must establish that fundamental error occurred, which is an error that "ma[de] a fair trial impossible or constitute[d a] clearly blatant violation[ ] of basic and elementary principles of due process presenting an undeniable and substantial potential for harm." Id. That exception is extremely narrow. Benson v. State, 762 N.E.2d 748, 755 (Ind. 2002). It reaches only errors that are so blatant that the trial judge should have taken action sua sponte. Brewington v. State, 7 N.E.3d 946, 974 (Ind.

5

2014). In other words, fundamental error is a daunting standard that applies "only in egregious circumstances." Brown v. State, 799 N.E.2d 1064, 1068 (Ind. 2003).

In this case, Wilson cannot establish fundamental error because his conviction resulted from a bench trial and he cannot overcome the judicial-temperance presumption. Indeed, we generally presume "that in a proceeding tried to the bench a court renders its decisions solely on the basis of relevant and probative evidence." Konopasek v. State, 946 N.E.2d 23, 28 (Ind. 2011). In other words, when evidence has been admitted at a bench trial without a specific objection, we will presume that the trial court disregarded the objectionable evidence in reaching its verdict, unless anything in the record demonstrates to the contrary. See id. at 30. Here, Wilson does not direct us to any portion of the record that would overcome that presumption, nor does he cite to any special concerns about the trial judge in this case. Thus, Wilson has failed to establish fundamental error on this basis.

We also note that evidence of the illegal possession of a relatively large quantity of drugs is sufficient to sustain a conviction for possession with intent to deliver. Beverly v. State, 543 N.E.2d 1111, 1115 (Ind. 1989). Wilson has not directed us to any cases indicating that a police officer's testimony suggesting that a suspect's intent to deal has amounted to reversible error, let alone fundamental error. In fact, in Davis v. State, we determined that a police officer's testimony as a skilled witness regarding cocaine that was packaged for dealing was helpful to determine the intent element of the charge for possession of cocaine with intent to deliver because "that testimony gave substance to facts

6

that were otherwise difficult to articulate." 791 N.E.2d 266, 269 (Ind. Ct. App. 2003); see also O'Neal v. State, 716 N.E.2d 82, 88 (Ind. Ct. App. 1999) (same).

Here, the record established that Officer Brinker was qualified as a skilled or expert witness based on his extensive experience and training. As noted above, Officer Brinker has participated in nearly a thousand drug investigations including "[p]robably 250" where he made undercover purchases in Marion County. Tr. p. 133. Officer Brinker has also received extensive training in narcotics investigations including a week-long narcotics detective school, training by the Indiana State Police and National Guard, and "various" one-day seminars. Id. at 133. In light of his experience, Officer Brinker testified regarding the amounts of cocaine typically purchased by a user as opposed to the amounts normally packaged for sale. Id. at 135-37.

Finally, Officer Brinker testified that possession of twenty-six grams of cocaine, including eleven bindles packaged for individual sale, was consistent with dealing. Id. at 139-40. As a result, it is apparent that Officer Brinker's testimony was based on his knowledge and experience and was helpful in determining the issue of Wilson's intent to deliver because it established the distinct characteristics that differentiate between a drug user and a drug dealer and "gave substance to facts that were otherwise difficult to articulate." See Davis, 791 N.E.2d at 269.

Finally, we reject Wilson's claim that fundamental error occurred in light of Indiana Evidence Rule 704:

(a) Testimony in the form of an opinion or inference otherwise admissible is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact.

(b) Witnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case; the truth or falsity of allegations; whether a witness has testified truthfully; or legal conclusions.

In construing this rule, it is apparent that Officer Brinker could not—and did not—testify that Wilson had the guilty intent to deliver the cocaine. Rather, as permitted by the rule, Officer Brinker offered testimony regarding the inferences to be drawn from the evidence, even if it could be said that those inferences may have touched on Wilson's intent. For all of these reasons, Wilson does not prevail on his claim of fundamental error.

## II. Sentencing

Wilson next argues that he was improperly sentenced. Specifically, Wilson maintains that he must be resentenced "under the [trial court's] mistaken belief that it had to impose a sentence greater than the advisory sentence of thirty years." Appellant's App. p. 6.

We initially observe that sentencing decisions are within the sound discretion of the trial court, and we review those decisions only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and the circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." Id.

In this case, Wilson claims that the trial court's statement quoted above that it "ha[d] to give . . . more than an advisory sentence" was erroneous because it is apparent that the trial court misunderstood its authority and discretion to impose a proper sentence. Notwithstanding this contention, a trial court is not obligated to impose a sentence that exceeds the advisory sentence. Rather, in light of various statutory changes that occurred in 2005, a trial court has the discretion to impose any sentence within the statutory range. Robertson v. State, 871 N.E.2d 280, 283 (Ind. 2007). Moreover, we believe that the trial court was aware of such changes because it is assumed that a trial judge knows the law. H.M. v. State, 892 N.E.2d 679, 682 (Ind. Ct. App. 2008).

The sentencing range for a class A felony is between twenty and fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. Hence, the trial court could impose a sentence within that range. Robertson, 871 N.E.2d at 283. Moreover, the trial court's reference to the "advisory sentence" rather than to the former "presumptive sentence" in the excerpt quoted above indicates that the trial judge was aware of the statutory changes.

Also, instead of a mistake of law, it is apparent to us that the trial court's sentencing statement set forth above is more reasonably interpreted as a reflection that the particularized circumstances, including Wilson's criminal history and the lack of mitigating factors, commanded a sentence for Wilson above the advisory term. Put another way, this interpretation is adequately supported by the trial court's "obviously" qualifier indicating that the factors in this case—not the law—required a sentence in excess of the

advisory term.  Tr. p. 281-82.  As a result, Wilson has failed to show that the trial court abused its discretion in sentencing him, and we decline to set the sentence aside.

The judgment of the trial court is affirmed.

BARNES, J., and CRONE, J., concur.