## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2016, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ana M. Quirk
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

W.B., III,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 30, 2016

Court of Appeals Case No.
18A05-1602-JV-478

Appeal from the Delaware Circuit Court

The Honorable Kimberly S. Dowling, Judge
The Honorable Brian Pierce, Magistrate
The Honorable Amanda Yonally, Magistrate

Trial Court Cause No.
18C02-1507-JD-136

**Barnes, Judge.**

# Case Summary

W.B. appeals the trial court's adjudication that he is a delinquent child for having committed Level 4 felony burglary and Level 5 felony dangerous possession of a firearm. We affirm in part, reverse in part, and remand.

# Issues

The issues before us are:

  I.    whether the trial court properly admitted evidence regarding recovery of the firearm W.B. allegedly stole and possessed; and

  II.   whether there is sufficient evidence to support the trial court's delinquency adjudication for Level 5 felony dangerous possession of a firearm.

# Facts

On June 19, 2015, the Anderson family was on vacation in Florida when their Muncie home was broken into and an AR-15 assault rifle belonging to Chad Anderson was stolen from underneath his bed. Two weeks before the burglary, Chad's daughter, Lindsey, had shown the rifle to Nehemiah Nash, her boyfriend. Nash was aware that the Andersons were on vacation and developed a plan with his cousin, Jon Kerr, to break into their home and steal the AR-15. Nash invited sixteen-year-old W.B. to participate in the crime, and

he agreed to do so. After stealing the AR-15, Nash, Kerr, and W.B. sold it to Christian Orebaugh for $1000. The parties evenly split the proceeds of the sale.

[4] Nash was unaware that there was a security camera at the back of the home where they broke into it. Lindsey viewed the footage and identified Nash, Kerr, and W.B. as the burglars, and specifically noted that W.B. was carrying the rifle at one point. W.B. also showed the AR-15 to another friend after the burglary and before it was sold. Police later discovered the rifle in Orebaugh's home while executing a search warrant related to Orebaugh's murder.

[5] The State filed a petition alleging that W.B. was a delinquent child for having committed acts that would be Level 4 felony burglary, Level 5 dangerous possession of a firearm, and Class A misdemeanor theft. At the fact-finding hearing, W.B. objected to a police officer's testimony regarding how the AR-15 was recovered, which the trial court overruled. After taking the matter under advisement, the trial court found that W.B. had committed what would be Level 4 felony burglary and Level 5 felony dangerous possession of a firearm and adjudicated him to be a delinquent child on those counts. W.B. now appeals.

## Analysis

### I. Admission of Evidence

[6] We first address W.B.'s claim that the trial court should have sustained his objection to testimony regarding how and where police recovered the AR-15. We review a trial court's ruling on the admissibility and relevancy of evidence

for an abuse of discretion. *Beasley v. State*, 46 N.E.3d 1232, 1235 (Ind. 2016). An abuse of discretion occurs if a decision is "'clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights.'" *Id.* (quoting *Clark v. State*, 994 N.E.2d 252, 260 (Ind. 2013)).

[7] W.B. asserts that testimony describing recovery of the rifle was inadmissible under Indiana Evidence Rule 403, which provides that trial courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Because all relevant evidence tends to be inherently prejudicial, the proper inquiry under Evidence Rule 403 requires balancing the probative value of proffered evidence against the likely unfair prejudicial impact of that evidence. *Fuentes v. State*, 10 N.E.3d 68, 73 (Ind. Ct. App. 2015), *trans. denied*. "When determining the likely unfair prejudicial impact, courts will look for the dangers that the jury will substantially overestimate the value of the evidence or that the evidence will arouse or inflame the passions or sympathies of the jury." *Id.*

[8] Here, there was no jury. "'We generally presume that in a proceeding tried to the bench a court renders its decisions solely on the basis of relevant and probative evidence.'" *Konopasek v. State*, 946 N.E.2d 23, 28 (Ind. 2011) (quoting *Coleman v. State*, 558 N.E.2d 1059, 1062 (Ind. 1990)). This is known as the "judicial-temperance presumption." *Id.* If a defendant on appeal from a bench trial challenges the admissibility of evidence and it is determined that the

evidence in fact was inadmissible, the defendant must overcome this presumption before we will reverse a judgment. *Id.* at 29. One way in which the presumption may be overcome is if the trial court erroneously admitted the evidence over a "specific" objection. *Id.* If the defendant does not overcome the presumption, we presume the trial court disregarded the evidence and will find the error harmless. *Id.* If the defendant does overcome the presumption, then we must engage in ordinary harmless-error analysis to determine whether reversal is warranted. *Id.*

[9] On appeal, W.B. takes particular issue with any reference to the fact that Orebaugh had been murdered sometime after he purchased the AR-15 and claims this evidence was introduced solely to suggest that W.B. was somehow involved in Orebaugh's death. However, W.B.'s objection to the trial court was not that specific. In fact, W.B. did not immediately object when a police officer testified that he went to Orebaugh's house as part of an investigation into Orebaugh's homicide. W.B. only objected when the officer was asked to describe the search; the full objection was, "That too [sic] (unintelligible), with respect to why this is relevant to the burglary, possession of a handgun, theft charges on June 19th of 2015." Tr. p. 101. There was no suggestion in this objection that Orebaugh's murder was too inflammatory to mention. "[A]n objection to one question does not serve as an objection to another distinct question." *Konopasek*, 946 N.E.2d at 27.

[10] Clearly, the State was entitled to present evidence that officers found the AR-15 at Orebaugh's house, which corroborated Nash's testimony that he, W.B., and

Kerr sold the gun to Orebaugh. On appeal, W.B. makes no argument that this evidence was irrelevant. Even if we were to assume without deciding that the State could have introduced this evidence regarding recovery of the AR-15 at Orebaugh's house without mentioning the fact of his murder, W.B. did not make a specific objection to that effect to the trial court.[1] As such, we presume the trial court ignored that evidence, and any error in its admission is harmless. *See id.* at 29.

## II. *Sufficiency of the Evidence*

[11] W.B. also contends there is insufficient evidence to support the finding that he committed Level 5 felony dangerous possession of a firearm. Intentional, knowing, or reckless possession of a firearm by a child for any purpose, subject to a few exceptions, constitutes Class A misdemeanor dangerous possession of a firearm. Ind. Code § 35-47-10-5(a). However, the offense is a Level 5 felony if the child has a prior conviction or delinquency adjudication for dangerous possession of a firearm. *Id.*

[12] The State concedes no evidence was presented at the fact-finding hearing that W.B. has a prior conviction or delinquency adjudication for dangerous possession of a firearm.[2] Thus, the finding that W.B. committed Level 5 felony

---

[1] We also note that there was no evidence or testimony suggesting that W.B. was in any way responsible for Orebaugh's death.

[2] At W.B.'s subsequent dispositional hearing, the trial court stated that it had listened to a recording of a 2014 hearing involving W.B. held by another judge in which he was found to have committed dangerous possession of a firearm. The State makes no argument that it was proper for the trial court to effectively take judicial notice of a prior delinquency adjudication in this fashion. *Cf. Horton v. State*, 51 N.E.3d 1154, 1160-

dangerous possession of a firearm is erroneous, and it must be reduced to a Class A misdemeanor. As the State notes, unlike with general insufficiency of the evidence claims, double jeopardy protections do not preclude the State from re-prosecuting a habitual offender enhancement or elevation of a crime from one class to another based on a prior conviction when there is an appellate holding of insufficient evidence to support the enhancement or elevation. *See Jaramillo v. State*, 823 N.E.2d 1187, 1191 (Ind. 2005) (holding State could retry defendant for elevated Class B felony operating while intoxicated charge based on prior conviction), *cert. denied*.

## Conclusion

[13] The trial court did not commit reversible error in allowing testimony that the AR-15 stolen from the Anderson residence was found in Orebaugh's residence during an investigation into his murder. We affirm the finding that W.B. committed Level 4 felony burglary. However, there is insufficient evidence to sustain the finding that W.B. committed Level 5 felony dangerous possession of a firearm. We reverse that finding and direct that it be reduced to a Class A misdemeanor and remand for further proceedings consistent with this opinion.

[14] Affirmed in part, reversed in part, and remanded.

---

61 (Ind. 2016) (holding trial court properly took judicial notice of defendant's prior conviction for domestic battery in order to elevate current domestic battery charge, which was based on *documentary* evidence of prior conviction).

Riley, J., and Bailey, J., concur.