## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 20 2018, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin Wild
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Devon Gaines,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 20, 2018

Court of Appeals Case No.
18A-CR-1731

Appeal from the Marion Superior Court

The Honorable Peggy Ryan Hart, Magistrate

Trial Court Cause No.
49G05-1710-F5-38956

**Crone, Judge.**

[1]     Devon Gaines appeals his class A misdemeanor domestic battery conviction, arguing that the trial court committed reversible error in admitting testimony from his victim that he claims is unfairly prejudicial.  Because that testimony is cumulative of testimony that Gaines did not object to, any error is harmless.  Therefore, we affirm.

[2]     Gaines and Ra'zsaveh Richardson had an intimate relationship.  He lived with her off and on and kept personal items at her apartment.  Richardson became pregnant with Gaines's child.  Their relationship soured, and on October 4, 2017, Richardson told Gaines "to come and get his stuff."  Tr. Vol. 2 at 57.  She let him into her apartment, and they got into an argument after she refused his request to get an abortion.  Gaines pushed and punched Richardson, tased her stomach with her taser, and tried to throw her in the shower.  He broke her phones and told her that she was "going to learn to stop f'ing with [him]."  *Id*. at 62.  As Gaines was "trying to get his stuff … out of the apartment[,]" Richardson knocked on her neighbors' doors and begged for help.  *Id*. at 64. The police arrived, and Richardson told them what had happened.

[3]     The State charged Gaines with six counts, including class A misdemeanor domestic battery.  At trial, Richardson testified that Gaines "wanted [her] to get an abortion[.]"  *Id*. at 55.  Gaines objected and requested a bench conference. The transcript indicates that much of the conference, including the specific basis for Gaines's objection, was inaudible and therefore was not transcribed by the

court reporter.[1]  The trial court overruled the objection.  Shortly thereafter, Richardson again testified that Gaines "wanted [her] to get an abortion."  *Id*. at 58.  Gaines did not object to this statement.  The jury found him guilty of domestic battery, and the trial court sentenced him to 365 days, with 229 days suspended to probation.

[4]     On appeal, Gaines asserts that the trial court committed reversible error in admitting Richardson's statement that he wanted her to have an abortion.  We disagree.  Our supreme court has stated on more than one occasion that "[e]ven the erroneous admission of evidence which is cumulative of other evidence admitted without objection does not constitute reversible error."  *Hoglund v. State*, 962 N.E.2d 1230, 1240 (Ind. 2012) (quoting *Wolfe v. State*, 562 N.E.2d 414, 421 (Ind. 1990)); *see also Lundquist v. State*, 834 N.E.2d 1061, 1067 (Ind. Ct. App. 2005) ("[T]o preserve a challenge to the admission of evidence, the defendant must object each time the evidence is offered.").  Thus, assuming for argument's sake that the trial court erred in admitting Richardson's first statement regarding abortion, that error is harmless because Gaines did not object to Richardson's second, cumulative statement regarding abortion.  Therefore, we affirm.

---

[1] The State notes that Gaines could have utilized Indiana Appellate Rules 31 through 33 "to attempt to clarify the record" but did not do so.  Appellee's Br. at 9 n.1.  The trial court's response to Gaines's inaudible objection strongly suggests that Gaines's argument at trial is not the same as the argument he makes on appeal, which is that Richardson's statement was unfairly prejudicial and inadmissible under Indiana Evidence Rules 401 and 403.  "[A] defendant may not argue one ground for an objection to the admission of evidence at trial and then raise new grounds on appeal."  *Konopasek v. State*, 946 N.E.2d 23, 27 (Ind. 2011).

[5]     Affirmed.

Vaidik, C.J., and Mathias, J., concur.