## FOR PUBLICATION



**FILED**
Nov 21 2014, 8:28 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DERIQ WATTERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1403-CR-215 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Jr., Judge
Cause No. 34D01-0706-FA-467

**November 21, 2014**

**OPINION FOR PUBLICATION**

**MAY, Judge**

Deriq Watters appeals the revocation of his probation. We reverse.

## FACTS AND PROCEDURAL HISTORY

On June 26, 2007, Watters was charged with three counts of Class A felony dealing in cocaine.[1] Following a Recommendation of Plea Agreement, the court entered one conviction of Class B felony dealing in cocaine. The court sentenced Watters to twenty years, with ten years executed and ten years suspended.

After being released to probation, Watters was allegedly arrested in Marion County. When he was contacted by his probation officer, Megan Enright, he "repeatedly said that it was not him and that the case was going to be dismissed." (Tr. at 11.) On June 11, 2014, the State filed a Petition to Revoke Suspended Sentence based on Enright's belief that Watters had committed a new offense.

At the hearing, the State submitted two uncertified documents: an Abstract of Judgment convicting Watters of Class B felony robbery in the Marion Superior Court, and a purported plea agreement resolving that same cause. Watters objected to both arguing they were inadmissible hearsay because they were uncertified. The court overruled Watters' objections and entered the exhibits into evidence. After the hearing, the court ordered Watters to serve the remainder of his suspended sentence in the Department of Correction.

## DISCUSSION AND DECISION

Our standard of review of probation revocations is well-settled:

A probation revocation hearing "is not to be equated with an adversarial criminal proceeding." *Cox v. State,* 706 N.E.2d 547, 550 (Ind. 1999), *reh'g*

---

[1] Ind. Code § 35-48-4-1 (2012).

2

> *denied.* Because probation revocation procedures "are to be flexible, strict rules of evidence do not apply." *Id.; see also* Ind. Evidence Rule 101(c). The trial court may consider hearsay "bearing some substantial indicia of reliability." *Id.* at 551. Hearsay is admissible in this context if it "has a substantial guarantee of trustworthiness." *Reyes v. State,* 868 N.E.2d 438, 441 (Ind. 2007), *reh'g denied.* A trial court "possesses broad discretion in ruling on the admissibility of evidence, and we will not disturb its decision absent a showing of an abuse of that discretion." *C.S. v. State,* 735 N.E.2d 273, 275 (Ind. Ct. App. 2000), *trans. denied.*

*Peterson v. State*, 909 N.E.2d 494, 499 (Ind. Ct. App. 2009). Watters asserts the State's evidence was inadmissible hearsay because the copies of the Abstract of Judgment and plea agreement were not certified.

Courts may take judicial notice of another county's conviction in order to revoke probation in the original county of conviction; however, the documents from the other county must be reliable. *Christie v. State,* 939 N.E.2d 691, 693 (Ind. Ct. App. 2011). We have held the "certification of the documents by the court provides substantial indicia of their reliability." *Pitman v. State,* 749 N.E.2d 557, 559 (Ind. Ct. App. 2001), *trans. denied.* In lieu of certified copies, we have held an affidavit from the issuing agency satisfies the evidentiary requirement for a hearing to revoke probation and proves the document's underlying "substantial trustworthiness." *Reyes,* 868 N.E.2d at 442. Additionally, we have allowed uncertified evidence of a polygraph report, but only to explain the testimony that followed. *Peterson,* 909 N.E.2d at 499.

In the case at hand, we do not have certified copies, affidavits, or testimony to substantiate the exhibits offered into evidence. Enright testified that she had learned of Watters' arrest in Marion County, but she did not testify that she had been present at the

3

signing of his plea agreement or at his conviction. The plea agreement is allegedly signed by Watters, but no evidence was entered to substantiate that signature was Watters' signature. Enright did not testify that she had done anything to corroborate the validity of the documents she received via email.

While trial courts have the discretion to admit hearsay evidence at a probation revocation hearing, the admission must not violate the due process standards provided by the United States Supreme Court. *See Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973) (when a loss of liberty is at stake, the parolee is to be accorded due process). We decline to extend the lowered bar for admission of hearsay at probation revocation hearings to include evidence with no "indicia of reliability." *See Cox,* 706 N.E.2d at 552 (court is not bound by the hearsay exclusion rule, but the hearsay must be reliable). Although there is no bright line test of this reliability, testimony of the parties directly involved, affidavits of parties directly involved, and certified copies would have sufficed without putting an undue burden on the State. As the State did not provide any of those indicia of reliability herein, we hold the evidence was inadmissible. *Cf. Reyes,* 868 N.E.2d at 442 (affidavit proved document's trustworthiness). Accordingly, we reverse.

Reversed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.